Hillsborough,
No. 5930.

REGINALD WETHERALL

*v.*

WILTON-LYNDEBOROUGH COOPERATIVE
SCHOOL DISTRICT *& a.*

Argued April 2, 1969.
Decided April 30, 1969.

*Enright & Lizotte (Mr. J. Colin Lizotte* orally), for the plaintiff.

*Cheever & Sullivan, McLane, Carleton, Graf, Greene & Brown,* and *Jack B. Middleton* (*Mr. Middleton* orally), for the defendants.

*George S. Pappagianis,* Attorney General and *William F. Cann,* Deputy Attorney General (*Mr. Cann* orally), for the Attorney General as *amicus curiae.*

DUNCAN, J. By his bill in equity the plaintiff, who is a voter in the town of Lyndeborough, seeks to enjoin the defendant cooperative school district and the individual defendants who are members of its school board, from borrowing money or incurring indebtedness pursuant to a vote adopted at a special meeting of the district on November 19, 1968, purporting to authorize the borrowing of $1,200,000 for the purpose of acquiring land and constructing and equipping a junior-senior high school thereon. The bill seeks to invalidate the vote so adopted, upon the ground that it was adopted at a special meeting at which the ballots cast did not "equal in number at least one-half of the number of the voters of such district entitled to vote . . ." as provided by RSA 197:3.

By its answer, the defendants affirmed the validity of the vote, relying upon RSA 195:18 IX as authority for the action of the district.

The issues so presented were submitted to the Superior Court (*Flynn,* J.) upon the pleadings. Following hearing, the Court ruled that the statutory provisions relied upon by the defendants allow "a special meeting to have the same authority as an annual meeting only when the special meeting is held for budgetary purposes"; and since a majority of the legal voters admittedly were not present and voting at the special meeting, ruled that "the vote was invalid under RSA 33:8." Accordingly the defendants were enjoined from borrowing money or incurring indebtedness pursuant to the vote in question. All questions of law presented by the defendants' exception to the rulings and decree were reserved and transferred by the Presiding Justice.

The Wilton-Lyndeborough Cooperative School District was organized under RSA 195:18 (Laws 1963, 258:1), as of September 6, 1967, the date of issuance of the certificate of the State Board of Education. RSA 195:18 VI. The district's "date

of operating responsibility" was July 1, 1969. At its annual meeting on April 19, 1968, the new district adopted a budget for the fiscal year ending June 30, 1969 and the budget committee was authorized to report on a new high school construction program. The special meeting held on November 19, 1968 was called pursuant to the recommendations of this committee that bonds in the sum of 1.2 million dollars be authorized, to finance new school construction. See RSA 32:6; *Hecker* v. *McKernan*, 105 N. H. 195.

The statutory provisions upon which the district relies were adopted in 1963, and are in part as follows: "From and after the issuance of the certificate of formation by the board to the date of operating responsibility of the cooperative school district, such district shall have all the authority and powers of a regular school district for the purposes of incurring indebtedness, for the construction of school facilities and for such other functions as are necessary to obtain proper facilities for a complete program of education. When necessary in such interim, the school board of the cooperative school district is authorized to prepare a budget and call a special meeting of the voters of the district, which meeting shall have the same authority as an annual meeting, for the purpose of adopting the budget, making necessary appropriations, and borrowing money." RSA 195:18 IX.

RSA 33:8, under which the Trial Court ruled the action of the district to be invalid provides in part as follows: "Except as otherwise specifically provided by law, the issue of bonds . . . shall be authorized by a vote of two thirds . . . of all the voters present and voting at an annual or special meeting . . .; provided, however, that no such action taken at any special meeting shall be valid unless a majority of all the legal voters are present and vote thereat . . . ." RSA 33:8. This section is made applicable to school districts by RSA 33:1. See also, RSA 197:3, requiring a vote equal to "at least one-half of the number of voters of such district entitled to vote" in order to appropriate money at a special school district meeting.

The Trial Court found that the meaning of the cooperative school district act (RSA 195:18 IX, *supra*) was "not clear," and felt that its interpretation should be reserved and transferred without ruling, but at the request of the parties ruled upon the

issue. In reaching the conclusion which it did, the Court interpreted the statute to permit a special meeting to be called "for budgetary purposes only," and ruled that the authority to borrow money is restricted to "borrowing for budgetary purposes and not for the purpose of incurring indebtedness for the construction of school facilities."

The defendants point out that the municipal finance act (RSA ch. 33) section 8 of which the Court relied upon to invalidate the district's action, also provides in section 3: "A municipality . . . shall not issue bonds or notes to provide for the payment of expenses for current maintenance and operation except as otherwise specifically provided by law." If the latter section is operative to prevent the use of bond proceeds for current operation expense, then obviously, the Legislature in enacting RSA 195:18 IX could not have intended to confer authority which would be useless because restricted to borrowing for budgetary purposes only, as the Trial Court found.

The plaintiff suggests that the Legislature intended by RSA 195:18 IX, *supra*, to "otherwise specifically provide" within the meaning of RSA 33:3, *supra*, that cooperative districts may borrow money for budgetary purposes. At the same time however he argues that the Legislature did not intend by the same provisions to "otherwise specifically provide," within the meaning of RSA 33:8, *ante*, relating to authorization of bonds at special meetings, for authority to borrow for other than current operating purposes by vote of an interim meeting held before the date of operating responsibility of the cooperative district.

The interpretation of RSA 195:18 IX, *supra*, must be controlled by the purpose of the 1963 legislation in which it appears. The application of the section in question is restricted to cooperative districts such as this, which were organized "after June 30, 1963." RSA 195:18. Such a district was authorized to appropriate money for the expenses of its planning committee "notwithstanding the provisions of RSA 32 [the municipal budget law] or RSA 197:3." The planning board of such a district was directed to prepare articles of agreement setting forth, among other things, the method of apportioning expenses for "the construction, furnishing and equipping of school buildings." RSA 195:18 III (g). The district was authorized at its organization meeting to appropriate money for the operation

of the district and any other items of business requiring action at that meeting, with "the same power and authority as an annual meeting with reference to the raising or appropriating of money." RSA 195:18 VIII.

Finally, by subsection IX of the section, the districts were given during the interim period before the date of operating responsibility, "all the authority and powers of a regular school district for the purposes of incurring indebtedness, for the construction of school facilities and for such other functions as are necessary to obtain proper facilities for a complete program of education." This grant of authority was immediately followed by the provisions here in question, authorizing a special meeting with powers of an annual meeting, for the purpose of adopting a budget, making necessary appropriations, "and borrowing money." In this respect, it seems significant that comparable provisions relating to districts organized before July 1, 1963, (inserted in the statute by the same 1963 amendment), granted to such districts, comparable powers as to budget and appropriations, but not as to "borrowing money." RSA 195:4 I.

Thus the statute shows a purpose on the part of the Legislature to make it possible for newly organized cooperatives to put their plans into effect expeditiously, and without waiting for an annual meeting, and a recognition that such plans might well include the construction of new facilities. The authority to borrow money during the period *before* operating responsibility should attach was not intended to be limited to borrowing for budgetary or operating purposes, but rather must be construed to also authorize borrowings for other purposes including capital expenditures, such as were authorized by the action of the special meeting of the defendant district.

Accordingly, we hold that the action of the district was authorized by RSA 195:18 IX, and was valid. The rulings of the Superior Court are set aside and its decree is vacated.

*Decree vacated; judgment for the defendants.*

LAMPRON, J., did not sit; the others concurred.